Benjamin Berger, Bar No. 220394
**BERGER TREGLIA, PLC**
25910 Acero, Ste 100
Mission Viejo, CA 92691
Phone (949) 548-1700 / Fax: (949) 548-1001
ben@bergertreglia.com

Attorneys for Plaintiffs FIT BODY BOOT CAMP, INC.
and EMPIRE TM HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIT BODY BOOT CAMP, INC. and EMPIRE TM HOLDINGS, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>BEND FIT BODY, LLC d/b/a RITUAL TRAINING BEND, LLC and EMILY JOHNSON. | CASE NO.<br><br>**Assigned For All Purposes To:**<br>**Judge:**<br>**Magistrate:**<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. **Trademark Infringement, Unfair Competition, and False Designation of Origin – Lanham Act;**<br><br>2. **Misappropriation of Trade Secrets – DTSA;**<br><br>3. **Misappropriation of Trade Secrets – CUTSA;**<br><br>4. **Breach of Contract – Misappropriation of Confidential Information;**<br><br>5. **Breach of Contract – Operation of a Competing Business and Violation of In-Term and Post-Term Covenants;**<br><br>6. **Unjust Enrichment.** |

- 1 -

VERIFIED COMPLAINT

## **INTRODUCTION**

This action arises from Defendants' unauthorized use of trademarks and material breaches of the Fit Body Boot Camp® franchise relationship, including the operation of a competing fitness business, misuse of Plaintiff, Fit Body Boot Camp, Inc.'s ("Fit Body" or "Franchisor"), confidential and proprietary system, and diversion of customers and goodwill. Fit Body is the national franchisor of Fit Body Boot Camp® franchises, which operate boot camp style fitness businesses pursuant to its proprietary business system and federally registered trademarks owned by Plaintiff Empire TM Holdings, LLC ("Empire TM"). As the end of the term of the franchise agreements governing the relationship was approaching, Defendant Emily Johnson ("Johnson") and her entity, Defendant Bend Fit Body, LLC d/b/a Ritual Training Bend, LLC ("Ritual") (collectively, "Franchisees") indicated their intention not to renew while they were secretly planning to convert their businesses into competitive businesses in breach of their obligations under the franchise agreements. Despite the franchise relationship terminating effective May 31, 2026, Franchisees continue to operate competing fitness businesses offering substantially identical services at the same locations as the formerly franchised businesses, all while exploiting Fit Body's confidential methods, training, and know-how in violation of the post-term non-competition and non-solicitation covenants they are bound by. Despite putting the Defendants on notice of their continuing post-term obligations, they have continued operating the competing fitness businesses using Plaintiffs' trademarks and confidential and proprietary information without authorization, which is causing ongoing and irreparable harm to Fit Body's goodwill and franchise system. Accordingly, Fit Body brings this action to enforce its contractual and statutory rights, obtain injunctive relief, and recover damages and attorneys' fees.

///

///

- 2 -
VERIFIED COMPLAINT

**PARTIES**

1.      Fit Body is a California corporation with its principal place of business located at 5867 Pine Avenue, Chino Hills, California 91709.

2.      Empire TM Holdings, LLC is a Delaware limited liability company with a principal address at 5867 Pine Avenue, Chino Hills, California 91709.

3.      Defendant Johnson is an individual resident and citizen of the State of Oregon residing at 3156 NE 73rd Ave, Portland, Oregon 97213.

4.      Defendant, Bend Fit Body, LLC, is an Oregon limited liability company with its principal place of business at 63130 Lancaster Street, Suite 140, Bend, Oregon 97701.

5.      According to the Oregon Secretary of State, Corporation Division, on March 24, 2026, Johnson filed for a change of assumed business name, changing from Bend Fit Body, LLC to Ritual Training Bend.

6.      Likewise, on June 2, 2026, Johnson filed Articles of Amendment with the Oregon Secretary of State, Corporation Division, reflecting an official entity name-change from Bend Fit Body, LLC to Ritual Training Bend, LLC (the "Competing Business").

7.      Defendant Johnson is the authorized representative and registered agent of the Competing Business.

8.      The Competing Business is owned, controlled, and operated by Defendant Johnson.

9.      Defendant Johnson and Bend Fit Body, LLC formerly operated a former Fit Body franchised business at 63130 Lancaster Street, Suite 140, Bend, Oregon 97701 (the "Bend Franchised Business").

10.     Defendant Johnson formerly operated a former Fit Body franchised business at 1423 SE 23rd Ave, Portland, OR 97214 (the "Portland Franchised Business) (collectively, the "Franchised Businesses").

///

- 3 -

VERIFIED COMPLAINT

## JURISDICTION AND VENUE

11.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

12.   Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Defend Trade Secrets Act, 18 U.S.C. §§1836, et seq.

13.   Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the parties expressly agreed in Section 14.3 of the Franchise Agreements (defined below) that relief may be sought in a court of competent jurisdiction in California, including injunctive and equitable relief. Fit Body and Empire TM are headquartered in this District, and the Franchise Agreements designated California as a proper forum. Although Defendants reside and operate in Oregon, they contractually consented to venue here. Accordingly, venue is proper in this Court.

## FIT BODY'S INTELLECTUAL PROPERTY

14.   Empire TM is the valid and registered owner of trademarks registered at the United States Patent and Trademark Office on the Principal Register, including, without limitation, the FIT BODY BOOT CAMP® mark and related trademarks (the "Marks"):

| REGISTRATION NO. | EFFECTIVE DATE OF REGISTRATION | MARK |
|---|---|---|
| 3852206 | September 28, 2010 | FIT BODY BOOT CAMP |
| 5329068 | November 7, 2017 | FIT BODY BOOT CAMP |

15.   Fit Body operates under the Marks and is authorized to license the temporary use of the Marks to franchisees pursuant to contractual restrictions.

- 4 -

VERIFIED COMPLAINT

16.     Fit Body has invested substantial amounts of time, money and effort into the development of the valuable goodwill associated with the Marks throughout the country, including in the territories where the Franchised Businesses are located.

17.     Fit Body and Empire TM possess a legitimate interest in the protection of their intellectual property, the Marks, and the valuable goodwill associated with the Marks in each territory where franchisees are located.

18.     Fit Body developed and owns a proprietary business system (the "System") for operating Fit Body franchisees.

19.     The System includes the confidential information and proprietary information defined in the Franchise Agreements, including but not limited to training programs, workout regimens, pricing strategies, sales scripts, marketing strategies, lead-generation systems, customer retention methods, vendor relationships, software platforms, digital templates, and the Brand Standards Manual (the "Confidential Information").

20.     The System and Confidential Information derive independent economic value from not being generally known and have been developed through substantial investment.

21.     Fit Body takes reasonable measures to maintain the secrecy of the System, including confidentiality provisions, restricted access, and training controls.

22.     The use of the Marks and the System are licensed to Fit Body franchisees for use pursuant to the terms and conditions of a franchise agreement.

## THE FRANCHISE AGREEMENTS

23.     Johnson entered into a franchise agreement (the "Portland Franchise Agreement") with Fit Body on November 23, 2016, pursuant to which she obtained the right and undertook the obligation to operate a Fit Body franchised business at the Portland Franchised Business for an initial term of five (5) years.

- 5 -

VERIFIED COMPLAINT

A true and correct copy of the Portland Franchise Agreement is attached as Exhibit A.

24.     On October 14, 2022, Fit Body, Bend Fit Body, LLC, and two former franchisees executed the Conditional Consent to Transfer, Termination and Release Agreement (the "Transfer Agreement") essentially assigning another franchise agreement dated August 15, 2018, to Bend Fit Body, LLC (the "Bend Franchise Agreement") (collectively with the Portland Franchise Agreement, the "Franchise Agreements").   A true and correct copy of the Bend Franchise Agreement is attached as Exhibit B.  A true and correct copy of the Transfer Agreement is attached as Exhibit C.

25.     The Transfer Agreement indicated that Johnson was the 100% owner of Bend Fit Body, LLC.

26.     In executing the Portland Franchise Agreement and the Transfer Agreement for the Bend Franchise Agreement, Johnson personally guaranteed the performance of all obligations and duties of under the Franchise Agreements.

27.     Toward the end of the terms of the Franchise Agreements, Defendants indicated their intention not to renew the Franchise Agreements.

28.     On May 1, 2026, Fit Body sent Defendants a Non-Renewal Notification, terminating Defendants' authorization to operate the Franchised Businesses effective May 31, 2026.  A true and correct copy of the Non-Renewal Notice is attached as Exhibit D.

**LICENSE OF THE MARKS AND CONFIDENTIAL INFORMATION**

29.     Pursuant to Section 9.1 of the Franchise Agreements, Defendants acknowledged that the Marks have been licensed to them for the Franchised Businesses. See Exs. A and B at § 9.1.  Defendants acknowledged that the use of the Marks was a "temporary authorized use" under the Franchise Agreements and agreed that the owner of the Marks (Empire TM) retains all ownership interest in the Marks, and that the owner and Fit Body retain all ownership of the goodwill

- 6 -

VERIFIED COMPLAINT

generated by the Marks. See id.  Defendants acknowledged that the use of the Marks outside the scope of the Franchise Agreements without Fit Body's written consent constitutes an infringement of the Marks and Fit Body's exclusive rights, title, and interests in and to the Marks.

30.     Pursuant to Section 9.3 of the Franchise Agreements, Defendants acknowledged that the Confidential Information (including but not limited to the contents of the Brand Standard Manual) have been provided or revealed exclusively for use in connection with the Franchised Businesses. See Exs. A and B at § 9.3.

31.     Defendants acknowledged that the Confidential Information was revealed in confidence under the Franchise Agreements and agreed to keep and respect the confidential nature of the Confidential Information, both during the term and after. See id.

32.     Defendants acknowledged that the Confidential Information was imparted only because of their "special status as a franchisee of the System," and that the Confidential Information is not generally known to the industry or the public at large and is not known to Defendants "except by reason of such disclosure. See id.

33.     On June 24, 2024, Johnson also executed an addendum to the Franchise Agreement (the "Addendum"), wherein she was authorized to provide Fit Body Forever® programs at the Portland Franchised Business. A true and correct copy of the Addendum is attached as Exhibit E.

34.     The Addendum licensed to Johnson the ability to use the Fit Body Forever® trademarks, and such marks were expressly included in the definition of "Confidential Information," as well as the Fit Body Forever® program and services provided pursuant thereto.

///

///

- 7 -

VERIFIED COMPLAINT

## NON-COMPETITION COVENANTS

35.    Pursuant to Section 11.1 of the Franchise Agreements, Defendants agreed to abide by and comply with the in-term non-competition and non-solicitation covenants.

36.    Pursuant to Section 11.1, Defendants acknowledged that they would receive valuable and specialized training, access to Confidential Information and trade secrets, and in consideration therefor, agreed that during the term of the Franchise Agreements they would not engage in competitive business activities as defined by the Franchise Agreements. See Exs. A and B at § 11.1.

37.    Defendants also acknowledged that any action that diverted business would be harmful to the Franchised Businesses and would constitute a material breach of the Franchise Agreements. See id.

38.    Pursuant to Section 11.2 of the Franchise Agreements, Defendants agreed to abide by and comply with the post-term non-competition and non-solicitation covenants.

39.    The non-competition covenant sets forth a reasonable geographic and temporal restriction, and in relevant part, provides:

> For a period of one year after the date of termination of this Agreement or its expiration…you agree that neither you nor any [Defendant] may (either directly or indirectly, for yourself or themselves, or through, on behalf of, or in conjunction with, any person, persons, partnership, corporation or other entity) operate, manage, own, assist or hold an interest in (direct or indirect as an employee, officer, director, shareowner, partner or otherwise), or engage in, any competing business selling goods or offering services equivalent to Fit Body Boot Camp Services and Products or the Franchised Business, within a radius of 25 miles of your Territory or any other authorized retail location selling Fit Body Boot Camp Services and Products, without our express prior written consent, which consent may be withheld in our sole and absolute discretion. Following termination or expiration of this Agreement, you must always refrain from any use, direct or indirect, of any of our proprietary information.

- 8 -

VERIFIED COMPLAINT

Ex. B, Bend Franchise Agreement at § 11.2(a).

40. The restrictions contained in Section 11.2 are tailored to offer protection to the goodwill owned by Plaintiffs and developed in a franchisee's territory and provides Fit Body with the opportunity to replace the former franchisee with a new one to continue to develop the goodwill, and it protects the designated territories and avoids encroachment into other franchisees' territories.

41. Moreover, Section 11.3 of the Franchise Agreements acknowledges that the restrictions are reasonable and necessary in order to protect Fit Body's legitimate interests, and in the event of a violation of any of these restrictions, Fit Body is entitled to recover damages, including but not limited to Royalties, Marketing and Promotion Fund Contribution (as defined in the Franchise Agreements) and other fees that would have been payable if such business were included in the Franchised Businesses, including an equitable accounting of all earnings, profits and other benefits arising from such violation, such rights and remedies being cumulative and in addition to any other rights or remedies to which Fit Body is entitled at law or in equity.

**DEFENDANTS' OPERATION OF THE COMPETING BUSINESSES AND USE OF FIT BODY'S CONFIDENTIAL INFORMATION IN THE COMPETING BUSINESSES**

42. On March 24, 2026, (before the expiration of the Franchise Agreements) Defendants filed a change to their entity's assumed business name with the Oregon Secretary of State, Corporation Division for designation as "Ritual Training Bend" and began operating thereunder.

43. Johnson owns and operates the Competing Business, a competing fitness business that commenced operation during the term of the Franchise Agreement.

44. As pictured below, the Competing Business's website lists the exact same addresses, for two (2) locations, at addresses that the Franchised Businesses

- 9 -
VERIFIED COMPLAINT

were formerly located:

| PORTLAND | BEND |
|---|---|
| 2410 SE 11th Ave<br>Portland, OR 97214 | 63130 Lancaster St., Suite 140<br>Bend, OR 97701 |
| 971-266-3222 | 541-241-6444 |
| teampdx@ritualtraining.co | teambend@ritualtraining.co |

(Source: https://www.ritualtraining.co/) (current as of July 24, 2026).

45.    Similarly, the Competing Business's Facebook page also contains Fit Body's logos, branded materials, and other trademarked material:

Ritual Training Bend's Photos    **Tagged photos**    Albums



(Source: https://www.facebook.com/ritualtrainingbend/photos_of) (current as of July 24, 2026).

46.    Defendants have renamed the Facebook page formerly utilized by Defendants while operating as Fit Body Franchisees to Ritual Training.

47.    The rebranding of the social media account from the Franchised Businesses to the Competing Businesses causes confusion to customers, as customers are led to believe that the Competing Businesses are associated with Fit Body.

48.    As former franchisees, using photos containing the Marks from the time the Competing Business was the Franchised Business is likely to cause confusion among consumers who previously knew them as Fit Body and/or are

- 10 -

VERIFIED COMPLAINT

looking for a Fit Body location.

49. Defendants' marketing and promotional materials infringe upon the Marks in violation of the Franchise Agreements.

50. Defendants have failed to remove all marketing and promotional materials bearing the Marks on social media, in violation of the Franchise Agreements.

51. The Competing Businesses offer group personal training and fitness services; the same services offered by the Franchised Businesses.

52. The Competing Businesses occupy the same premises as the Franchised Businesses.

53. The Competing Businesses have operated and continue to operate in the same markets, offering substantially identical services, and use Fit Body's Confidential Information to unfairly compete against Fit Body and its franchisees.

54. Defendants' actions have prevented Fit Body from being able to effectively re-establish itself in the Portland and Bend, Oregon territories.

55. The Competing Businesses have used and continue to use Fit Body's System and Confidential Information.

56. Defendants are benefiting off the goodwill accumulated under the Franchised Businesses through the Fit Body System.

57. Defendants diverted customers, goodwill, and revenues from the Franchised Businesses to the Competing Businesses while avoiding payments of royalties and fees owed to Fit Body in material default of the Franchise Agreements.

**NOTICE NON-RENEWAL AND POST-TERMINATION OBLIGATIONS**

58. Anticipating the natural expiration of the Franchise Agreements, Fit Body and Defendants agreed to extend the term of the Franchise Agreements on a month-to-month basis while renewal discussions occurred.

59. Eventually, Defendants indicated their intention not to renew.

- 11 -

VERIFIED COMPLAINT

60.     As a result of Defendants' communication of their intent not to enter into renewal franchise agreements, Fit Body served the Defendants with a Notice of Non-Renewal Notification for Portland and Bend Locations (the "Notice of Non-Renewal"). See Ex. D.

61.     The Notice of Non-Renewal, effective May 31, 2026, outlined Defendants' post-term obligations and de-branding obligations that were required of them pursuant to the Franchise Agreements.

62.     The Defendants' limited license to use the Marks, System, and Confidential Information ended on May 31, 2026, and Defendants are obligated to comply with the post-termination obligations set forth in the Franchise Agreements, including but not limited to immediate cessation of all unauthorized use of the Marks and the Confidential Information.

63.     Defendants' continued operation of competitive businesses using the Marks, System, and/or Confidential Information without authorization is unlawful.

64.     Defendants have no right to operate the Competing Businesses at their current locations or to use Fit Body's Confidential Information at any time outside the scope of the parties' agreement, and such ongoing operation and misuse is causing Fit Body immediate and irreparable harm.

65.     Pursuant to Section 15.1, upon the effective termination of the Franchise Agreements, Defendants agreed to abide by and comply with post-termination or expiration obligations. See Exs. A and B at § 15.1.

66.     Section 15.1 required compliance with section 11.2 of the Franchise Agreements respecting post-termination competition and also outlined specific actions that were required to be completed promptly.

67.     Fit Body has invested time, money, and other resources into developing the goodwill utilized by the Franchise Businesses.

68.     Fit Body is now required to search for, evaluate, and train new franchisees in the Franchised Businesses' designated territories.

- 12 -

VERIFIED COMPLAINT

69. Due to the Defendants' actions in violation of the Franchise Agreements, Fit Body will encounter extraordinary difficulty in re-entering the market served by the Franchised Businesses and now the Competing Businesses.

70. The Competing Businesses and Defendants' actions in violation of the in-term and post-term obligations set forth in the Franchise Agreements have caused, and continue to cause, irreparable harm, including but not limited to loss of control over its brand, erosion of goodwill, dilution of the trademarks, and confusion in the marketplace.

71. Plaintiffs bring suit to enforce their rights and protect their respective valuable trademarks, confidential System, and Proprietary and Confidential Information from Defendants' material breaches of contract.

## COUNT I
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
## LANHAM ACT, 15 U.S.C. § 1125(a)
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

72. Plaintiffs incorporate by reference the facts set forth in paragraphs 1 through 71 above as though set forth at length herein.

73. Empire TM is the valid and registered owner of the Marks.

74. Defendants have utilized and benefited from the Marks in the operation of the Competing Businesses without Plaintiffs' permission and with the knowledge that their rights to use the Marks have ended.

75. As the national franchisor of the Fit Body Boot Camp® system, Fit Body uses, controls, and licenses the Marks, with express permission of Empire TM, throughout the United States in interstate commerce, polices their use, and possesses a substantial and legitimate commercial interest in the Marks and in the reputation and goodwill they symbolize. Fit Body's commercial interest in its reputation, goodwill, and the integrity of its franchise system falls squarely within

- 13 -

VERIFIED COMPLAINT

the zone of interests protected by Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the injuries alleged herein flow directly and proximately from Defendants' conduct.

76.    The Marks are used in commerce and, through Fit Body's and its franchisees' extensive and continuous use, advertising, and promotion, have come to be recognized by the consuming public as identifying fitness services originating with, sponsored by, or affiliated with Fit Body and its franchise system.

77.    Without Plaintiffs' authorization, and following the expiration of the Franchise Agreements, Defendants have used and continue to use the Marks, together with Fit Body's logos, branded materials, and photographs in commerce in connection with the advertising, promotion, marketing, and sale of competing fitness services through the Competing Business, including on its website and on social media accounts.

78.    Defendants have willfully and intentionally adopted, retained, and continue to use the Marks in order to trade upon, and benefit from, the reputation and goodwill that consumers associate with Fit Body and its franchise system.

79.    Defendants' unauthorized use of the Marks, as set forth above, constitutes the use in commerce of words, terms, names, symbols, and devices, and false designations of origin and false or misleading descriptions and representations of fact, that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and the Competing Businesses with Fit Body, and as to the origin, sponsorship, or approval of Defendants' goods, services, and commercial activities by Fit Body, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.    Defendants' conduct is likely to cause, and has caused, confusion among consumers by, among other things, the renaming of the former Franchised Businesses' social media account to "Ritual Training," continuing to display Fit Body's logos and branded materials while the business operated as the Franchised

- 14 -

VERIFIED COMPLAINT

Businesses, all while offering substantially identical fitness services from the same locations formerly occupied by the Franchised Businesses.

81. Defendants' actions are likely to lead consumers who knew the businesses as Fit Body Boot Camp locations, or who are searching for a Fit Body Boot Camp location, to mistakenly believe that the Competing Business is, or is affiliated with, Fit Body.

82. Defendants' continued operation of the Competing Businesses following the expiration of the Franchise Agreements while continuing to utilize the Marks as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Defendants as a result of their continued use of the System and the Marks; Fit Body will have difficulty franchising Defendants' trading areas, which includes the area Fit Body exclusively granted to Defendants; business will be diverted from Fit Body and its franchisees; Plaintiffs' ability to control the Marks and the quality and reputation of the services offered under them will be diminished; the Marks will be diluted; and Fit Body will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated.

83. Plaintiffs have no adequate remedy at law because they cannot be adequately compensated for the deprivation and diminution of the consumer recognition and goodwill built up under the Marks as a result of Defendants' conduct.

84. Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use the Marks.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, as follows:

a. A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from infringing on the Marks in any manner whatsoever not licensed

- 15 -

VERIFIED COMPLAINT

under the Franchise Agreements or from using the Marks or any colorable imitation in any manner whatsoever;

b.    An accounting of and judgment for the profits to which Plaintiffs may be entitled as a result of Defendants' infringement;

c.    An order requiring Defendants to deliver and/or destroy all labels, signs, prints, and advertisements in their possession bearing the words and/or symbols that are the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof pursuant to 15 U.S.C. § 1118;

d.    Treble damages pursuant to 15 U.S.C. § 1117;

e.    Punitive damages;

f.    Attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a) and Section 13.10 of the Franchise Agreements; and

g.    Such relief as this Court deems just and proper.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT ("DTSA")
## 18 U.S.C. § 1836
### *(FIT BODY BOOT CAMP, INC. VS. ALL DEFENDANTS)*

85.    Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 84 above as though set forth at length herein.

86.    Fit Body has developed and owns the Confidential Information.

87.    The Confidential Information constitutes "trade secrets" as defined in 18 U.S.C. § 1839(3), in that the information: (a) derives independent economic value, actual, or potential, from not being generally known or readily ascertainable by others who could obtain economic value from its disclosure or use; and (b) is subject to reasonable efforts by Fit Body to maintain its secrecy, including through franchise agreements, confidentiality provisions, training protocols, limited-access

- 16 -

VERIFIED COMPLAINT

software, and restricted disclosure.

88.   Fit Body's Confidential Information relates to products and services used in interstate commerce, satisfying the interstate commerce nexus required under 18 U.S.C. § 1836(b)(1) and § 1839(5) and (6).

89.   Fit Body keeps its Confidential Information secret and requires franchisees to agree to non-disclosure in their franchise agreements before it is revealed to them.

90.   It is because of Fit Body's resources spent in educating Defendants in the Fit Body System that Defendants have the trade knowledge to continue operating the Competing Business.

91.   Defendants have used and continue to make use of Fit Body's Confidential Information through both their physical and internet presence.

92.   Defendants continue to use Fit Body's Confidential Information without consent and acquired such information through improper means and in breach of their contractual and legal duties to keep it secret and to use it only in operation of the Franchised Businesses, in violation of 18 U.S.C. § 1836(1), §1839(5), and §1839(6).

93.   Defendants knowingly used and continue to use Fit Body's Confidential Information for economic benefit as they have operated and continue to operate the Competing Business.

94.   Defendants' misappropriation of Confidential Information was willful and malicious, and undertaken to harm Fit Body's brand and to gain an unfair commercial advantage in the same market.

95.   Fit Body is injured by Defendants' actions by way of Defendants' continuous use of Fit Body's Confidential Information.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.   A preliminary and permanent injunction under 18 U.S.C. §

- 17 -

VERIFIED COMPLAINT

1836(b)(3)(A), enjoining Defendants and their agents, employees and any person acting in concert with them from directly or indirectly: (a) using, disclosing or continuing to use Fit Body's trade secrets; (b) operating any business that benefits from the misappropriation; and (c) retaining, accessing or distributing any documents, data, materials, or systems derived from Fit Body's trade secrets;

b.    Compensatory damages for actual losses and unjust enrichment caused by Defendants' misappropriation of Fit Body's trade secrets, as provided under 18 U.S.C. § 1836(b)(3)(B);

c.    Exemplary damages in an amount of up to two times the award damages due to the willful and malicious nature of Defendants' misappropriation, as provided by 18 U.S.C. § 1836(b)(3)(C);

d.    An accounting of all revenues, profits, and benefits derived by the Defendants through the use or disclosure of Fit Body's confidential information and trade secrets;

e.    Disgorgement of all revenues and profits earned by Defendants from any business activities conducted derived by Defendants through the use or disclosure of Fit Body's confidential information and trade secrets;

f.    Attorneys' fees and costs of this action pursuant 18 U.S.C. § 1836(b)(3)(D) and Section 13.10 of the Franchise Agreements; and

g.    Such further relief as this Court deems just and proper.

///
///
///
///
///
///

- 18 -

VERIFIED COMPLAINT

## COUNT III

## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT ("CUTSA")

## Cal. Civ. Code. §§ 3426-3426.11

### *(FIT BODY BOOT CAMP, INC. VS. ALL DEFENDANTS)*

96.    Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 95 above as though set forth at length herein.

97.    Fit Body owns and lawfully controls the valuable Confidential Information constituting trade secrets within the meaning of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d).

98.    Fit Body's Confidential Information derives independent economic value, actual and potential, from not being generally known to the public or to competitors who could obtain economic value from their disclosure or use.

99.    Fit Body has taken reasonable measures under the circumstances to maintain the secrecy of its Confidential Information, including but not limited to confidentiality provisions in the Franchise Agreements, restricting access to proprietary materials and systems, training controls, limited-access software platforms, and post-termination return and non-use obligations.

100.   Defendants acquired knowledge of Fit Body's Confidential Information solely by virtue of their status as Fit Body franchisees and under circumstances giving rise to a duty to maintain the secrecy and confidentiality of such Confidential Information.

101.   Defendants have used and continue to use Fit Body's Confidential Information without authorization in the operation of the formerly Franchised Businesses and Competing Business, including offering substantially identical services in the same market, diverting customers and goodwill, and obtaining an unfair competitive advantage.

102.   Defendants' acquisition, disclosure, and use of Fit Body's

- 19 -

VERIFIED COMPLAINT

Confidential Information constitute misappropriation within the meaning of Cal. Civ. Code § 3426.1(b), including use of Confidential Information acquired under circumstances imposing a duty to maintain secrecy and limit use.

103. Defendants knew or had reason to know that the Confidential Information was confidential, proprietary, and protected from unauthorized use, and that Defendants' conduct violated their contractual and legal obligations.

104. Defendants' misappropriation was willful and malicious, entitling Fit Body to exemplary damages and attorneys' fees under Cal. Civ. Code §§ 3426.3(c) and 3426.4.

105. As a direct and proximate result of Defendants' misappropriation, Fit Body has suffered and continues to suffer irreparable harm, including loss of control over its Confidential Information, damage to its goodwill and franchise system, and ongoing unfair competition, for which monetary damages alone are inadequate.

106. Defendants are liable for the foregoing conduct pursuant to their direct participation in the misappropriation.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.  A preliminary and permanent injunction pursuant to Cal. Civ. Code § 3426.2 enjoining Defendants and their agents, employees and any person acting in concert with them from directly or indirectly: (a) using, disclosing or continuing to use Fit Body's trade secrets; (b) operating any business that benefits from the misappropriation; and (c) retaining, accessing or distributing any documents, data, materials, or systems derived from Fit Body's trade secrets;

b.  An order requiring Defendants to immediately return, destroy, and/or permanently delete all materials, documents, data, and information containing or derived from Fit Body's Confidential Information;

- 20 -

VERIFIED COMPLAINT

c.　An award of damages for Fit Body's actual losses and for Defendants' unjust enrichment caused by the misappropriation, pursuant to Cal. Civ. Code § 3426.3(a);

d.　In the alternative, an award of a reasonable royalty for Defendants' unauthorized use of Fit Body's Confidential Information pursuant to Cal. Civ. Code § 3426.3(b);

e.　An award of exemplary damages in an amount up to two times the amount of damages awarded, pursuant to Cal. Civ. Code § 3426.3(c);

f.　An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 3426.4 and Section 13.10 of the Franchise Agreements; and

g.　Such other and further relief as the Court deems just and proper.

## COUNT IV

## BREACH OF CONTRACT - MISAPPROPRIATION OF CONFIDENTIAL INFORMATION AND PROPRIETARY INFORMATION

### *(FIT BODY BOOT CAMP, INC. VS. ALL DEFENDANTS)*

107.　Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 106 above as though set forth at length herein.

108.　Pursuant to Sections 9.3, 11.1, 11.2, 15.1, and 15.2 of the Franchise Agreements, Defendants expressly agreed to maintain the confidentiality of Fit Body's Confidential Information and to use such information solely in connection with the operation of an authorized Fit Body Boot Camp franchised business.

109.　In addition to Fit Body's trade secrets, Defendants had access to and were entrusted with Fit Body's Confidential Information, including customer information, marketing plans, pricing strategies, training manuals, operational methods, and business systems, which were subject to strict contractual limitations on use and disclosure and disclosed to them solely by virtue of their status as a Fit Body franchisees.

- 21 -

VERIFIED COMPLAINT

110.   Defendants breached the Franchise Agreements by using Fit Body's Confidential Information for unauthorized purposes, including to operate and support a competing fitness business, in direct violation of its contractual obligations.

111.   Defendants further breached the Franchise Agreements by continuing to use and retain Fit Body's Confidential Information following expiration of the Franchise Agreements, in violation of the post-termination obligations set forth therein.

112.   As a direct and proximate result of Defendants' breaches, Fit Body has suffered and continues to suffer irreparable harm, loss of goodwill, competitive injury, and monetary damages.

113.   Defendant Johnson is personally liable for the foregoing breaches pursuant to her direct participation in the misconduct and, as owner, is assisting the Competing Business in misappropriating the Confidential Information in breach of her guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.   A preliminary and permanent injunction enjoining Defendants and all persons acting in concert with them from using, disclosing, or retaining Fit Body's Confidential Information except as expressly permitted by the Franchise Agreements;

b.   An accounting of all revenues, profits, and benefits derived by Defendants as a result of their breaches of the Franchise Agreements;

c.   An award of damages, including lost royalties, fees, and other losses caused by Defendants' breaches;

d.   Attorneys' fees and costs of this action pursuant to Section 13.10 of the Franchise Agreements; and

e.   Such relief as this Court deems just and proper.

- 22 -
VERIFIED COMPLAINT

## COUNT V

## BREACH OF CONTRACT – OPERATION OF COMPETING BUSINESS AND VIOLATION OF IN-TERM AND POST-TERM NON-COMPETITION AND NON-SOLICITATION COVENANTS
### *(FIT BODY BOOT CAMP, INC. VS. ALL DEFENDANTS)*

114.    Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 113 above as though set forth at length herein.

115.    Defendants entered into and remain bound by the Franchise Agreements' post-term non-competition and non-solicitation covenants set forth in Section 11 thereof.

116.    Defendant Johnson is personally liable for the foregoing breaches pursuant to her direct participation in the misconduct and, as owner, is operating the Competing Business in violation of her guaranty of the non-compete.

117.    Pursuant to Section 11.1 of the Franchise Agreements, Defendants expressly agreed that, during the term of the Franchise Agreements, they would not directly or indirectly own, operate, manage, assist, or engage in any Competing Business.

118.    Pursuant to Section 11.1 of the Franchise Agreements, Defendants further agreed that, during the term, they would not divert customers, goodwill, or business from the Franchised Businesses, nor engage in any conduct injurious to the Marks or the System.

119.    Pursuant to Section 11.2 of the Franchise Agreements, Defendants further agreed that, following termination of the Franchise Agreements for any reason, they would not operate or engage in any competing business within the contractually defined restricted areas for a period of one (1) year.

120.    Notwithstanding these obligations, Defendants have and continue to own, operate, and assist in the operation of the Competing Business, a competing fitness business offering substantially identical services in the same markets, at the

- 23 -

same locations as the Franchised Businesses, and within the contractually restricted territory.

121. Defendants' operation of the Competing Business was planned and occurred during the term of the Franchise Agreements, continues post-expiration of the Franchise Agreements, and, unless enjoined, will continue in violation of the post-term restrictions in Section 11.2 of the Franchise Agreements.

122. In operating the Competing Business, Defendants diverted customers, goodwill, and revenues from the Franchised Businesses to the Competing Business, while avoiding payment of royalties and fees owed to Fit Body.

123. Defendants' conduct constitutes material breaches of the Franchise Agreements that strikes at the core of the franchise relationship and supports injunctive relief.

124. As a direct and proximate result of Defendants' breaches, Fit Body has suffered and continues to suffer irreparable harm, including loss of goodwill, damage to its franchise system, and unfair competitive injury for which monetary damages alone are inadequate.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants, jointly and severally, as follows:

a. A preliminary and permanent injunction enforcing the in-term and post-term non-competition and non-solicitation covenants of the Franchise Agreements and enjoining Defendants and all persons acting in concert with them from operating, assisting, or participating in any Competing Business in violation thereof;

b. An order enjoining Defendants from diverting or attempting to divert customers, clients, or goodwill from any Fit Body franchised business;

c. An award of damages, including lost royalties, fees, and other losses

- 24 -

VERIFIED COMPLAINT

caused by Defendants' breaches;

d.  Attorneys' fees and costs of this action pursuant to Section 13.10 of the Franchise Agreements; and

e.  Such relief as this Court deems just and proper.

## COUNT VI

## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

## *(FIT BODY BOOT CAMP, INC. VS. ALL DEFENDANTS)*

125.  Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 124 above as though set forth at length herein.

126.  This count is pled in the alternative to Fit Body's breach of contract claims. Should the Franchise Agreements be found unenforceable or otherwise inapplicable, Defendants have nonetheless been unjustly enriched by their use of Fit Body's confidential systems, proprietary information, and diversion of business, without compensating Fit Body.

127.  Defendants are engaged in the business of operating the Competing Business within the same territories and out of the same locations that they formerly operated the Fit Body Franchised Businesses.

128.  The Competing Business should not exist due to the Defendants' relationship with Fit Body and the Franchised Businesses.

129.  The Competing Business offers the same service offerings, with the same employees, and mostly the same clients or customers as the Franchised Businesses.

130.  In operating the Competing Business, Defendants received and retained revenues, customers, and goodwill that were generated through and arose from Defendants' contractual breaches.

131.  Defendants' operation of the Competing Business diverted business from the Franchised Businesses and interfered with Fit Body's ability to collect royalty and other recurring fees and payments that are calculated based on a

- 25 -

VERIFIED COMPLAINT

percentage of the gross revenues derived by the Franchised Businesses pursuant to the Franchise Agreements.

132.   Defendants profited from the operation of the Competing Business, as they were able to collect gross revenues from the same service offerings of the Franchised Businesses but without remitting to Plaintiff the royalty and other recurring fees and payments that are calculated based on a percentage of the gross revenues derived by the Franchised Businesses pursuant to the Franchise Agreements.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants, jointly and severally, as follows:

a.     Restitution and disgorgement of all revenues, profits, and benefits unjustly retained by Defendants as a result of their operation of the Competing Business;

b.     An accounting of revenue, profits, and benefits received by Defendants in connection with the Competing Business;

c.     Disgorgement of all unjust benefits obtained by Defendants; and

d.     Such relief as this Court deems just and proper.

Dated: August 5, 2026

**BERGER TREGLIA, PLC**

By: _____

Benjamin Berger
Attorneys for Plaintiffs

- 26 -
VERIFIED COMPLAINT

# CERTIFICATE OF COMPLIANCE

The text of this Complaint consists of 6,325 words as counted by the Microsoft Word 2024 version; word-processing program used to generate the document.

I declare under penalty of perjury pursuant to the laws of the State of the California that the foregoing is true and correct.

Dated: August 5, 2026

**BERGER TREGLIA, PLC**

By: _____
Benjamin Berger
Attorneys for Plaintiffs

- 1 -
CERTIFICATE OF COMPLIANCE

## VERIFICATION

I, James Robinson, declare and state as follows:

I am the Compliance Director of Fit Body Boot Camp, Inc. ("Plaintiff" or "Fit Body"), a Plaintiff in this action, and am authorized to make this verification on its behalf.

I have read the foregoing Complaint and know its contents. The facts alleged therein are true to my own personal knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on     July 30,     2026

James Robinson, Compliance Director

- 35 -